## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGINA KEMEH,<br><br>*Plaintiff,*<br><br>*v.*<br><br>DARCARS OF ROCKVILLE PIKE, LLC d/b/a DARCARS CHRYSLER JEEP OF ROCKVILLE and SANTANDER CONSUMER USA, INC d/b/a Chrysler Capital<br><br>*Defendants.* | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. Action No: _____ |

## <u>INTRODUCTION</u>

1.      Plaintiff Georgina Kemeh, an individual consumer, brings this action for money damages, injunctive relief, and declaratory judgment, seeking redress for unlawful practices relating to the purchase and financing of an automobile by another borrower who, unbeknownst to Ms. Kemeh, listed Ms. Kemeh as a "co-buyer" of an auto loan.

2.      Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), *et seq.*, the New York Motor Vehicle Retail Instalment Sales Act, N.Y.P.P.L. § 301 *et seq.*, the New York General Business Law § 349, and the Maryland Consumer Protection Act, MD Com. Law Code. Ann. 13-101 *et seq.*

3.     Plaintiffs also assert a common law claim for rescission/mistake and a declaratory judgment that she is not liable under the contract in question which lists here as a co-buyer only due to the theft of her identity by another.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1640 (TILA) and under 28 U.S.C. § 1332 (Diversity).

5.     As set forth herein, the Plaintiff is diverse from each and every Defendant and the amount in controversy exceeds $75,000.00.

6.     This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

7.     This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Defendant auto dealership maintains offices, transacts business, and is otherwise found in this district.

## THE PARTIES

9.     Plaintiff Georgina Kemeh is a resident of the Bronx, New York.

10.     Defendant Darcars Chrysler Jeep of Rockville ("the Dealership" or "Darcars") is the entity listed as the seller of the vehicle at issue on the retail

instalment agreement referenced in the instant complaint and is the trade name of Defendant Darcars Of Rockville Pike, LLC.

11.    Darcars is located in Rockville, Maryland and is a limited liability company registered with the Maryland Secretary of State.

12.    Chrysler Capital is a registered trademark of Chrysler Group, LLC which has been licensed to Defendant Santander Consumer USA, Inc. ("Chrysler Capital", "SCUSA" or "the Bank").

13.    SCUSA is an Illinois corporation with its principal office in Texas.

14.    SCUSA d/b/a Chrysler Capital, took assignment of the retail instalment contract at issue in this case.

## FACTS

15.  Ms. Kemeh lived in Maryland from 2013 through early 2015.

16.  After Ms. Kemeh moved from Maryland to New York, an entity called "Echolon Technolgies NA LLC" [sic] purchased a new Jeep Grand Cherokee from the Dealership by means of a Retail Installment Contract dated November 2015 ("the RIC").

17.  Unbenownst to Ms. Kemeh, the RIC listed Ms. Kemeh as a "co-buyer", despite the fact that she had no knowledge of the purchase, did not agree to be

a co-buyer or guarantor, has never been to the Dealership and had not ever

heard of it, and lived in New York at the time of the transaction.

18.  In other words, the RIC lists Ms. Kemeh as a co-buyer due to the theft of her

identity by another.

19.  The actual purchaser of the Vehicle has, on information and belief, gone into

default, and SCUSA has and is attempting to hold Ms. Kemeh liable under the

RIC as a "co-buyer".

20. Upon information and belief, the individual behind "Echolon Technolgies NA

LLC" is  Kwesi Sagoe, a former acquaintance of Ms. Kemeh's who lived in

Maryland at the time of the fraud and who had access to certain documents

bearing Ms. Kemeh's signature as well as her other personal information.

21.  Ms. Kemeh has informed SCUSA of the theft of her identity and filed a

police report, but SCUSA has continued to attempt to hold her liable and has

recently informed Ms. Kemeh that it has rejected her claim of fraud on

grounds that the signature that appears in connection with her name on the

RIC bears a close resemblance to her actual signature.

4

22. Ms. Kemeh has recently been informed by SCUSA that it has repossessed the Vehicle and intends to sell it and hold her liable for any deficiency because, *inter alia*, "you broke your promise in our Agreement".

23. The RIC lists a total sale price of $76,388.40

## COUNT I
## TRUTH IN LENDING ACT, 15 U.S.C. §§1601 et seq. ("TILA")

24. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

25. The Dealership regularly extends or offers to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

26. The Dealership is a creditor within the meaning of the TILA, 15 USC § 1602(f) and the relevant implementing regulations set forth in Regulation Z (e.g. § 226.2(a)).

27. SCUSA purports to be an assignee of the Dealership and has demanded payments under the RIC on that basis.

28. As such, the Bank is an assignee pursuant to TILA, 15 U.S.C. § 1641(a) and the relevant implementing regulations found in Regulation Z.

29. The RIC lists a motor vehicle, an article of personal property, as collateral.

30.     The RIC is a written agreement payable in more than four installments.

31.     The RIC states on its face that it involves a transaction for personal rather than business use, and involves a consumer credit transaction within the meaning of the TILA, 15 USC § 1602, and Regulation Z § 226.2.

32.     The finance charges indicated on the RIC greatly exceed $1,000.00, being listed on the RIC as over $22,000.00.

33.     Ms. Kemeh was not provided with a copy of the RIC or any of the required TILA/Regulation Z disclosures prior to or at the time of the transaction, of which she was entirely unaware.

34.     The RIC violates multiple provisions of TILA inasmuch as the costs of credit, including the true cash price, APR, amount financed, finance charge, and monthly payment were not timely disclosed and were not clearly and conspicuously disclosed;

35.     Defendants thereby violated TILA, 15 USC § 1638 and Regulation Z.

36.     Had the true costs of the transaction been accurately and timely disclosed, Ms. Kemeh would have informed the Dealership and the Bank at that time that she did not agree to be a "co-buyer" and the purchase and financing of the vehicle and the harms set forth herein would not have occurred.

37.     As a result of these TILA violations, Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## NEW YORK MOTOR VEHICLE
## RETAIL INSTALLMENT SALES ACT § 302, et seq. (MVRISA)

38.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

39.      The Dealership is a "retailer seller" within the meaning of MVRISA § 301(3).

40.     The transaction as described above involved a "retail installment sale" within the meaning of MVRISA § 301(4).

41.     MVRISA expressly incorporates all TILA disclosure requirements.

42.     As set forth above, none of these disclosures were provided at the time of consummation of the sale of the Vehicle.

43.     For all of the reasons stated herein, under MVRISA § 307, Defendants, including the Bank, are barred from recovering any credit service charge, delinquency, or collection charge on the RIC and Plaintiffs are entitled to costs and attorney's fees.

## COUNT III
## NEW YORK GENERAL BUSINESS LAW § 349/MARYLAND CONSUMER PROTECTION ACT

44.     Plaintiff repeats, re-alleges and incorporates by reference the

foregoing paragraphs.

45.     Each of the deceptive acts and practices set forth above constitutes a

violations of NYGBL § 349 independent of whether these acts and practices

constitute violations of any other law.

46.     These deceptive acts and practices were committed in conduct of

business, trade, commerce or the furnishing of a service in this state.

47.     Each of these actions, including finalizing a Vehicle sale that listed

Ms. Kemeh as a co-buyer when she did not consent and, in fact, had no contact

whatsoever with the Dealership, was consumer oriented and involves misleading

conduct that is of the types that could easily recur, could potentially impact

similarly situated consumers, and is therefore consumer-oriented and harmful to

the public at large.

48.     SCUSA is liable under GBL § 349 both as an assignee and is liable, in

addition, in its own right for continuing to hold Ms. Kemeh liable when no

reasonable basis for doing so existed.

49.     Indeed, upon information and belief, it is SCUSA's policy and

practice to refuse to allow consumers claiming fraud out from RIC obligations

8

even where, as here, any reasonable investigation would reveal that the consumer has been a victim of fraud.

50.     This policy and practice constitutes an independent and non-vicarious violation of GBL § 349.

51.     As a result of these violations of NYGBL § 349, Plaintiff suffered actual damages as set forth above.

52.     The Defendants violations were willful and knowing and committed in bad faith.

53.     For these reasons, Plaintiffs are entitled to actual damages as set forth above, three times the actual damages up to $1000, punitive damages, attorney's fees, costs and declaratory judgment that the Defendants' practices are deceptive in violation of § 349, and declaratory judgment that she is not liable under the RIC or otherwise.

54.     In the alternative, Defendants' actions violate the Maryland Consumer Protection Act, MD Com. Law Code. Ann. 13-101 et seq. and Plaintiff is entitled to all relief available under same, including actual damages, punitive damages, costs and attorney's fees, and injunctive relief.

## COUNT IV
## RESCISSON/MISTAKE/DECLARATORY JUDGMENT

55.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

56.     As set forth above, Ms. Kemeh did not agree to be a co-buyer and was not even aware of the transaction at the time it occurred.

57.     Indeed, the fact that she is listed as a co-buyer is due entirely to identity theft/fraud.

58.     As such, Ms. Kemeh is entitled to a declaratory judgment that she is not liable for any portion of the Vehicle sale price of $76,488.40 and is entitled to rescission of the RIC, as well as costs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants as follows:

a. On COUNT I, TRUTH IN LENDING ACT, judgment against Defendants for statutory damages, actual damages, attorney's fees, litigation expenses and costs, declaratory judgment that they have violated TILA and Regulation Z, and such other or further relief as the Court deems appropriate;

b. On COUNT II, VIOLATIONS OF MVRISA, declaratory judgment against Defendants that they have violated MVRISA and an order barring recovery of any credit service charge, delinquency, or collection charge under the RIC and disgorging all such monies paid to date, as well as reasonable attorney's fees and costs of the action;

c. On COUNT III, NYGBL § 349/MARYLAND CONSUMER PROTECTION ACT, judgment against Defendants, injunctive relief, actual damages, treble damages, punitive damages, costs and reasonable attorney's fees, declaratory judgment that Defendants have engaged in deceptive conduct and that Plaintiff is not liable under the RIC, and such other or further relief as the Court deems appropriate;

d. On COUNT IV, RESCISSION/MISTAKE/DECLATORY JUDGMENT, rescission of the RIC and declaratory judgment that she is not a party to the RIC and has no liability thereunder.

e. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated:        July 4, 2017

                                        Respectfully Submitted,

                                        *s/Daniel A. Schlanger*
                                        Daniel A. Schlanger
                                        Kakalec & Schlanger, LLP
                                        85 Broad Street, 18th Floor
                                        New York, New York 10004
                                        T:  212.500.6114
                                        F:  646.612.7996
                                        dschlanger@kakalec-schlanger.com

                                        *Attorneys for Plaintiff*